## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

No. 1:21-cr-00458-JKB

ELIAS NICK COSTIANES, JR.,
        Defendant.

## UNITED STATES'S SUPPLEMENTAL BRIEFING
## IN SUPPORT OF RULE 48 MOTION TO DISMISS INDICTMENT

The United States hereby provides supplemental briefing in support of its Rule 48(a) motion to dismiss with prejudice the indictment against defendant Elias Nick Costianes, Jr. *See* ECF No. 170 (motion); *see also* ECF No. 178 at 19 (directing the parties to provide additional briefing on the motion).

As an initial matter, the United States objects to the ruling that it acts in "bad faith" insofar as it "reli[es] on the [President's] Pardon" to dismiss the indictment. ECF No. 178 at 19. The Court premised that ruling on its conclusion that the United States's reading of the pardon is "unreasonable." *Id.* But it is difficult to see how that could be so, given that the United States has provided a detailed explanation of its reading, *see* ECF No. 175, and district courts have accepted that reading as a valid basis for a Rule 48(a) motion. *See, e.g.*, Order, *United States v. Sattler*, No. 1:23-cr-00438-JRR (D. Md. Feb. 27, 2025), ECF No. 41. The Court also errs by ignoring that whether the pardon can and should be read to extend to cases like this one is

1

subject to genuine interpretive disagreement. Indeed, reasonable minds can and often do disagree over whether an application of even a clear rule is "so objectively off the rails that it surpasses any possibility for fairminded disagreement." *See, e.g.*, *Long v. Hooks*, 972 F.3d 442, 491 (4th Cir. 2020) (en banc) (Richardson, J., dissenting from the Fourth Circuit's 9-6 decision that a state court had engaged in an objectively unreasonable application of clearly established federal law). Those disagreements virtually never give rise to the accusation that the other side is acting in bad faith. *Cf. Massachusetts Fair Share v. Law Enf't Assistance Admin.*, 776 F.2d 1066, 1068–69, 1069 n.21 (D.C. Cir. 1985) (per curiam) (concluding that where the government had "advanced no legal authority" to support its position, which the court rejected "in the strongest of terms" because it was "not at all justified" under long-settled law, the government still had not acted in "bad faith"). Neither should this one.

Consider an analogous hypothetical: While a wire fraud conviction is on direct appeal, the Supreme Court issues a decision that narrowly construes another federal fraud statute. The United States, believing that the decision calls into question the soundness of the indictment, moves to dismiss under Rule 48(a). Even if the district court rejected the United States's reading of the intervening decision as objectively unreasonable, it would not have grounds to find that the prosecutor moving for the dismissal was acting in "bad faith," absent any showing that he was acting corruptly or unethically. *Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010) (per curiam). And it

is difficult to see how the prosecutor's decision to dismiss could be "motivated by bad faith" (which is the only basis to deny a Rule 48(a) motion), *id.*, where, as here, the prosecutor is simply following the Department of Justice's position.

The United States also objects to the idea that the Court may deny a Rule 48(a) motion when the defendant has consented to it. ECF No. 178 at 15. "The principal object of the 'leave of court' requirement" in Rule 48(a) is "to protect a defendant against prosecutorial harassment." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam). That objective is beside the point here because Mr. Costianes has consented to the motion under consideration. ECF No. 170 at 1. A prosecutor does not act in "bad faith" by filing a consent Rule 48(a) motion. Nothing in that Rule authorizes the Court to compel the United States to continue to prosecute this matter—against both the Executive's and the defendant's wishes. Indeed, under the Constitution, the Executive possesses "exclusive authority and absolute discretion" to determine whether to prosecute or dismiss a case. *United States v. Nixon*, 418 U.S. 683, 693 (1974). That is especially so where, as here, no Article III controversy exists between the parties as to whether the case should be dismissed with prejudice.

In any event, even if the United States set aside its conclusion that the pardon applies to Mr. Costianes's conviction, the United States would still move to dismiss the indictment under Rule 48(a). In issuing the pardon, the President sought to "end[] a grave national injustice that has been perpetrated upon the American people over

3

the last four years and begin[] a process of national reconciliation." Proclamation No. 10887, 90 Fed. Reg. 8331, 8331 (Jan. 20, 2025). Following that directive, the Department has determined that its resources should not be devoted to investigating and prosecuting certain in-home offenses (like Mr. Costianes's) that would not have been discovered if the government had not investigated and prosecuted people for their conduct related to the events at or near the United States Capitol on January 6, 2021. And because the Department would not investigate or prosecute someone in Mr. Costianes's shoes today, the Department has further determined that the interests of justice require treating Mr. Costianes similarly. These determinations are wholly discretionary and are based on the Department's decisions on where its resources are best spent. They are separate and independent of the Department's understanding of the scope of the pardon—which is a mandatory directive from the President.

The United States finds additional support for its discretionary determination that Mr. Costianes warrants Rule 48(a) relief in his (1) lack of any criminal history beyond the dismissed January 6 charges, (2) substantial and continuous employment record for the past three decades, and (3) pre-incarceration role serving as in-home caregiver for his elderly sister. *See* ECF No. 86 at 11–16.[1]

---

[1] As these additional case-specific reasons for the United States's decision to file the Rule 48(a) motion show, our discretionary determinations to seek such relief necessarily turn on the individual facts of each case and defendant. Attending to such case-specific facts does not show inconsistent applications of a general rule. *Contra*

In sum, the United States has determined that the purposes of the criminal-justice system are no longer being served through Mr. Costianes's present conviction and incarceration. Accordingly, it has moved, with Mr. Costianes's consent, for the immediate dismissal with prejudice of the underlying indictment. *See* ECF No. 170. Because that motion "is not motivated by bad faith," it "*must* be granted." *Rice*, 617 F.3d at 811 (quoting *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995)).

Respectfully submitted,


Kelly O. Hayes
United States Attorney

/s/ David C. Bornstein
Assistant United States Attorney
Chief, Appellate Division
United States Attorney's Office
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800

---

ECF No. 178 at 18. Instead, it shows that the United States is exercising its discretion appropriately—based on the individual facts and circumstances of each case.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 4, 2025, I electronically filed the above supplemental brief in this case and thereby electronically served a copy of it on the defendant, through his counsel of record, who is an ECF Filer.

/s/ David C. Bornstein
Assistant United States Attorney