UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>*v.*                                                      )<br>)<br>ELIAS NICK COSTIANES II,              )<br>)<br>Defendant.                )  | Case No. 1:21-cr-00458-JKB |

### DEFENDANT'S SUPPLEMENTAL BRIEFING IN SUPPORT OF RULE 48 MOTION TO DISMISS INDICTMENT

Defendant Elias Nick Costianes II respectfully through undersigned counsel hereby provides a supplemental briefing in support of the Government's Consent Motion at ECF No. 170 to overturn the conviction and dismiss the indictment under Federal Rule of Criminal Procedure 48(a) (("Rule 48(a)"). See ECF No. 178 directing the supplemental. Mr. Costianes supports the Government's Supplemental at ECF No. 182 and adds the following in support of this Court vacating the conviction and dismissing the indictment. Mr. Costianes' conviction is on appeal and not final.

The Government wrote to this Court on April 8, 2025, that it

> hereby moves the Court for leave to dismiss the superseding indictment against Mr. Elias Nick Costianes, Jr., with prejudice. See Fed. R. Crim. P. 48(a). The United States has determined that as a matter of prosecutorial discretion it is proper to forgo further proceedings on Mr. Costianes's non-final conviction and dismiss the superseding indictment with prejudice.

ECF No. 170 at 1.

### ISSUES ABOUT THE PARDON

First, the Circuit Court erred in remanding the case for this Court to interpret the Presidential Pardon EO 10887. The Fourth Circuit claimed that it was only a court of review despite a change in law and circumstances (i.e. the Pardon) despite a surplus of caselaw showing

this claim to be error.[1] "Where a case becomes moot after the district court enters judgment but before the appellate court has issued a decision, the appellate court must dismiss the appeal, vacate the district court's judgment, and remand with instructions to dismiss the case as moot." *In re Ghandtchi*, 705 F.2d 1315, 1316 (11th Cir. 1983). *See Great Western Sugar Co. v. Nelson*, 442 U.S. 92, 99 S. Ct. 2149, 60 L. Ed. 2d 735 (1979) (reversing an appellate court for failing to follow the vacation technique); *U.S. v. Munsingwear, Inc.*, 340 U.S. 36, 71 S. Ct. 104, 95 L. Ed. 36 (1950); *U.S. v. Sarmiento-Rozo*, 592 F.2d 1318 (5th Cir.1979). In *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267 (1936), the Court said: "Where it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." *Great W. Sugar Co. v. Nelson*, 442 U.S. 92, 93 (1979). "The customary practice when a case is rendered moot on appeal is to vacate the moot aspects of the lower court's judgment and remand with instructions to dismiss." *BH Media Grp., Inc. v. Clarke*, 851 F. App'x 368, 370 (4th Cir. 2021)((citing to *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 390 (4th Cir. 2017)) (internal quotation marks omitted).

When a criminal defendant on appeal receives "the unpredictable grace of a presidential pardon," the pardon moots the appeal and "ends all litigation." *United States v. Schaffer,* 240 F.3d 35, 38 (D.C. Cir. 2001).

---

[1] Is the 4th Circuit saying that every vacatur and remand for Rule 48(a) dismissal in the D.C. Circuit was error? For cases in which there had been a conviction and the case was on appeal at the time of the J6 EO 10887, the U.S. Court of Appeals for the D.C. Circuit granted the Government's unopposed motion to vacate convictions and remand for dismissal, and "ORDERED that the judgment of the district court be vacated and the case be remanded with instructions to dismiss the case as moot. See *United States v. Schaffer*, 240 F.3d 35, 37–38 (D.C. Cir. 2001) (en banc) . . . . The Clerk is directed to issue the mandate forthwith to the district court[.]" *See* appeals in *Ballenger*, 23-3195; *Alberts*, 23-3128; *Cusik*, 23-3208; *Garcia*, 24-3189; *Todd*, 24-3085; *Speed*, 23-3078; *Sandoval*, 23-3139; *Christie*, 23-3234; *Copeland*, 24-3195; *Barnett*, 23-3086; *Meggs*, 23-3141; *Isaacs*, 24-3141; *McHugh*, 23-3167; *Harkrider*, 24-3070; *Quaglin*, 24-3074; *Fellows*, 24-3039; *Jenson*, 22-3100; *Vo*, 24-3050; *Knowlton*, 25-3006; *Grider*, 23-3103; *Rodriguez*, 23-3120; *Judd*, 23-3029; and *Parker*, 23-3141 to name a few.

Because of the extensive caselaw, the 4th Circuit Court was required to vacate and remand. There was no requirement for any decision let alone interpretation at district court. Further, the Government made clear in multiple filings here and at Circuit that it will not prosecute this non-final conviction. The Government made clear that the J6 Pardon applies. There was no controversy except for that created by the courts. "Article III limits the jurisdiction of federal courts to cases and controversies." *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016). "[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 136 S. Ct. 1969, 1975, 195 L. Ed. 2d 334 (2016) BH Media Grp., Inc. v. Clarke, 851 F. App'x 368, 369 (4th Cir. 2021). "A case becomes moot, and thus deprives federal courts of subject matter jurisdiction, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *BH Media Grp., Inc. v. Clarke*, 851 F. App'x 368, 369-70 (4th Cir. 2021)(citing *Catawba Riverkeeper Found.*, 843 F.3d at 588).

The President has the "Power to grant Reprieves and Pardons for Offences against the United States." U.S. Const. art. II, § 2, cl. 1. The Constitution empowers the President to pardon only 'Offences against the United States' and constrains the President from exercising the power 'in Cases of Impeachment.' "The President's duties are of 'unrivaled gravity and breadth.'" *Trump* v. *Vance*, 591 U. S. 786, 800, 140 S. Ct. 2412, 207 L. Ed. 2d 907 (2020). "[A]bsent a violation of the Constitution, the [pardon] order is insulated from congressional and judicial interference." *Andrews v. Warden*, 958 F.3d 1072, 1077 (11th Cir. 2020) (citing to *Schick v. Reed*, 419 U.S. 256, 264, 266-67 (1974); also see Dennis v. Terris, 927 F.3d 955, 959 (6th Cir. 2019) ("The executive branch, not the judicial branch, executes the sentence, and the President retains authority, constitutional authority, to lower it or end it or eliminate the conviction

altogether"). The President can pardon contempt, can commute sentences, and can attach conditions to a pardon. The President's authority to pardon, in other words, is "conclusive and preclusive," "disabling the Congress from acting upon the subject." *Trump v. United States*, 603 U.S. 593, 608 (2024)((see *Youngstown*, 343 U. S., at 637-638, 72 S. Ct. 863, 96 L. Ed. 1153, 62 Ohio Law Abs. 417 (Jackson, J., concurring)).

Because historically and traditionally the U.S. AG executes pardons for the President, the Circuit's requirement for the district court to interpret the President's J6 Pardon EO by this Court contradicted all applicable precedent and violated the U.S. Constitution's separation of powers. Both courts have served only injustice by keeping a pardoned man unjustly imprisoned since February 12, 2025, by ignoring the Executive Branch's authority in speaking for the President. The U.S. Attorney's Offices have been consistent in relaying the message from the U.S. AG level on behalf of the President that the Pardon EO 10887 applies to charges for contraband discovered during J6 searches. The DOJ has been consistent in continuing prosecution for crimes, contraband or not, that were already under active investigation or were committed after the J6 search and charges.

It is a testament to the U.S. President's and U.S. Attorney General's patience in waiting for justice under the Rule of Law to prevail in their hope that the Article III courts will do the legally just thing. Under EO 10887's specific directions they could have ordered the Federal Bureau of Prisons (BOP) to release Mr. Costianes (and likewise, Mr. Wilson in the D.D.C. case).

In all filings both here and at the 4th Circuit since February 12, 2025, the Government has been consistent in speaking for the President in declarations that the J6 Pardon proclamation EO 10887 applies to Mr. Costianes. There was and is nothing to interpret about the J6 Pardon since the U.S. Constitution does not give any Court the authority to breach the Separation of Powers just

because it disagrees with a statute written by Congress or with a Pardon issued by the President. The same holds true for the Government's Rule 48(a) motion, where this Court's authority to review is narrowly limited in scope. Using the same caselaw as that by Judge Friedrich in the Ed Wilson case in D.C. is an error since she mixed caselaw about Executive Orders applying to rules made in the Executive Branch with the Constitutional authority and precedent as specifically related to Presidential pardons. In fact, it can easily be argued that some of her caselaw misrepresented the cases.[2]

She even wrote, "When the language of a document with the force of law is plain, 'the sole function of the courts is to enforce it according to its terms.' *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)." D.D.C. ECF No. 1:23-cr-00427, ECF No. 113 at 7. However, the only enforcement authority for a Presidential pardon is the U.S. AG. The courts have zero role in enforcement of a pardon other than to take the appropriate actions when dismissal applies and for docket notations about the charges. Her errors in equating a Presidential pardon to court reviews of statutes and administrative rules cannot be overlooked. This Court went down that same path without fact or evidence when it claimed that the prosecution was "interpreting" the J6 Pardon, and then continued to disagree with what never was an interpretation. The US AG as the Pardon enforcer spoke for the President through subordinates. This Court has no facts stating otherwise.

The Court's declaration that by its interpretation the J6 pardon did not apply to Mr. Costianes was an error of law, created a non-existent controversy, and exceeded judicial authority.

---

[2] Case cites in *Wilson*, D.D.C. 1:23-cr-00427, use misinterpretations to suit the goal of denying that the J6 Pardon or Rule 48(a) apply. For example, "inconsistency" is measured over a long term, and there is no inconsistency issue when a correction is made in the very short term. *Udall* applies and not other case cites, such as Chevron deference and rules/administrative controversies. Yet in the Wilson case Judge Friedrich called a rapid government change of position (i.e. the correction of a mistake by a line prosecutor in initially saying that the Pardon does not apply) "inconsistent." The next logical and legal error was when she extended her erroneous view of an "inconsistency" to then equal unreasonableness and "bad faith."

Misconstruing the language to require a direct tether in time to January 6, 2021, is a misreading of the EO 10887 Proclamation. The President said "related to" in the EO, and the January 6 searches are related to: the illegitimate use of terrorism to bypass standard 4th Amendment procedures for investigation and searches, to conduct violent raids that terrorized families and pets causing long term PTSD; to overcharge and maliciously prosecute; to hide exculpatory evidence from defendants; to misapply and abuse statutes; to subject defendants to inhumane jail conditions; to destroy defendant's property; to lie in and violate search warrants; to support the January 6th Select Committee's publicizing cherry-picked misrepresentations of facts; to allow perjury by government witnesses; and to coerce pleas – to name a few things.

The only times prior to the January 6 Pardon EO that courts have intervened in a Presidential pardon were when a defendant claimed to have been pardoned and either the government disagreed due to specific pardon language or there was a lack of a written pardon by a past president; or when a defendant attempted to have the terms of an accepted, conditional pardon (such as a commutation with conditions) overturned.  Prior to the January 6 Pardon, there is no case where both the defendant and government presented a Presidential pardon to a court and with no controversy by either party a court intervened to render an interpretation against the pardon's application. There is no such U.S. Constitutional authority for a judge to override the sitting U.S. President (or his U.S. AG spokesperson and enforcer) in his specific Constitutional authority. The U.S. Supreme Court reaffirmed that "pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review. 452 U.S. at 464 (footnote omitted)." *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272 (1998).

Because of the above errors and encroachment by the Judiciary on the Executive Branch, it would be just for this Court to reconsider and reverse its prior position on the J6 pardon's applicability. Mr. Costianes and the government already provided extensive briefings in this court and at Circuit. This Court should not equate exclusive Article II authority under the U.S. Constitution with administrative procedure case cites and the like that were about legislation or agency rules.

### RULE 48(a)

Mr. Costianes supports and incorporates the Government's Rule 48(a) Supplemental filing at ECF No.182. There is disagreement among the circuits as to the standards that apply for judicial review if any and for what under the Rule's "leave of court." Rule 48(a) "confers the power to file a dismissal by leave of court on the AttorneyGeneral . . . ." Cmt. 2, Fed. R. Crim. P. 48(a). What is generally agreed upon is that any judicial inquiry authorized by Rule 48(a) is narrow, and must be limited to confirming that the prosecution is not seeking dismissal for the purpose of harassment of the defendant, and is not acting in bad faith. All of those requirements are met in the Government's Motion and Supplement.

In this Circuit, the district court may only deny a Rule 48 motion where it is "clearly contrary to manifest public interest. *United States v. Manbeck*, 744 F.2d 360, 372 (4th Cir. 1984) (quoting *Rinaldi v. United States*, 434 U.S. 22, 30, 98 S. Ct. 81, 54 L. Ed. 2d 207 (1977)). And, our precedent is that a district court '*must* grant a prosecution's [Rule 48] motion unless clearly contrary to manifest public interest.'" *Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010) ((quoting *United States v. Kellam*, 568 F.3d 125, 133 (4th Cir. 2009)). "Put succinctly, a Rule 48 motion 'that is not motivated by bad faith is not clearly contrary to manifest public interest, and it *must* be

Case 1:21-cr-00458-JKB   Document 183   Filed 06/04/25   Page 8 of 10

granted.'" *Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010)(citing to *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995) which states the matter also implicates the Separation of Powers).

Thus, under Fourth Circuit precedent, this Court "*must* grant" the Government's motion to vacate because it will not prosecute after the pardon mooted the appeal, where the Rule 48(a) motion is not made in bad faith because the President's pardon is not "clearly contrary to manifest public interest." *See Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010) (per curiam) (quoting *United States v. Kellam*, 568 F.3d 125, 133 (4th Cir. 2009)). The Government has provided that regardless of the J6 Pardon, it will no longer prosecute. Separate and apart from the Executive Order, the Government no longer believes that pursuing this prosecution against Mr. Costianes' non-final conviction is in the interests of justice. (4th Cir. Doc. 27 and ECF No. 182). This is not a case where the Government is seeking to apply Rule 48(a) to vacate a conviction *after* the appellate proceedings have ended. *See Hirabayashi v. United States*, 828 F.2d 591, 607 (9th Cir. 1987) ("There is no precedent for applying Rule 48 to vacate a conviction after the trial and appellate proceedings have ended.").

The Government in Mr. Costianes' pending case "has exclusive authority and absolute discretion to decide whether to prosecute a case[.]" *See United States v. Nixon*, 418 U.S. 683, 693 (1974). The Government has decided to terminate Mr. Costianes' non-final conviction, just as the Government has decided to do in other cases of defendants similarly situated.

"[T]he 'leave of court' authority in Rule 48(a) . . . confers no new power in the courts to scrutinize and countermand the prosecution's exercise of its traditional authority over charging and enforcement decisions." United States v. Fokker Servs. B.V., 818 F.3d 733, 743 (D.C. Cir. 2016); see also United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988) ("While the judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a) was not enacted

8

for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution."). Courts may not "deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority." Fokker Servs., 818 F.3d at 742. Rule 48(a) is "no blank check for second-guessing charging decisions." *United States v. Bernard*, 42 F.4th 905, 909 (8th Cir. 2022) (reversing denial of Rule 48(a) motion). That is because "it is not the function of the judiciary to review the exercise of executive discretion whether it be that of the President himself or those to whom he has delegated certain of his powers." *Newman v. United States*, 382 F.2d 479, 482 (D.C. Cir. 1967).[3]

Because the Government has presented its rationale where there is no detriment to the defendant, with no harassment or bad faith as described in caselaw, the Court must grant the Rule 48(a) motion.

Dated June 4, 2025                                  Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Email: Carolstewart_esq@protonmail.com

---

[3] The Mayor Adams Case in the S.D.N.Y. 1:24-cr-00556-DEH Document 160 provides more background and discussion of why a Rule 48(a) motion must be granted.

## CERTIFICATE OF SERVICE

I hereby certify on the 4th day of JUNE 2025, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.