UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-00458-JKB |
| | ) | |
| ELIAS NICK COSTIANES II, | ) | |
| | ) | |
| Defendant. | ) | |

**EMERGENCY CONSENT MOTION FOR RECONSIDERATION OF ECF No. 184 ORDER, WITH AMENDED LANGUAGE FOR IMMEDIATE RELEASE**

Comes now Defendant Elias Nick Costianes II through undersigned counsel respectfully requesting reconsideration of the Order at ECF No. 184 that grants the Rule 48(a) Motion, overturns the conviction, and allows release, but stays the entire Order for 45 days without an exception for Mr. Costianes' immediate release from the Federal Bureau of Prisons (BOP) at FCI Beckley, WV. Mr. Costianes requests that the Order be amended with language that includes a stay only for the purpose of resolving mootness by party motion or sua sponte action at the U.S. Court of Appeals for the 4th Circuit, with his immediate release from BOP custody granted. The Government consents to this Motion.

In its Order at ECF No. 184, this Court highlighted the case history, including that the U.S. Court of Appeals for the 4th Circuit "expanded its remand to permit this Court to rule on a motion the Government filed pursuant to Federal Rule of Criminal Procedure 48 (the "Rule 48 Motion")" contained in ECF No. 176 and USCA4 Appeal: 24-4543 Doc: 40-1. The 4th Circuit's remand gave this Court unlimited jurisdiction to decide the Rule 48(a) Motion previously submitted in ECF No. 170, while also separately deciding whether the President's J6 Pardon applies. This Court made an interpretation and held that the President's J6 Pardon Proclamation did not apply to Mr.

Costianes and Ordered (ECF No. 178) supplemental briefs on the Rule 48 motion (submitted as ECF No's. 182, 183).

The limited Remand shown in ECF No. 176 and USCA ECF No.40-1 did not retain any jurisdiction at Circuit or provide any restriction at this District level for a decision on the Rule 48(a) Motion. The Circuit Court retained jurisdiction only over the appeal, which in effect allowed the conviction to remain "not final" and to be subject to being overturned by this Court; or if this Court ruled against both the pardon application and the Rule 48 Motion, Mr. Costianes could have an appeal of those decisions to his existing appeal. There was no requirement for the 4th Circuit to approve, concur with, or decide the Rule 48(a) on its own. Yet, the Order at ECF No. 184 - despite granting dismissal of the indictment with prejudice, vacating the judgement of conviction, and ordering release of Mr. Costianes from the federal BOP - stays the Order for 45 days because "Giving immediate effect to the granting of the Rule 48 Motion would effectively moot the pending appeal." ECF No. 184 at 3.

However, the matter of mooting the appeal is separate from the other effects of granting the Rule 48 Motion. There is no justification for keeping Mr. Costianes incarcerated for the next 45 days. And, there is no requirement for this Court to stay updating the case docket to add dismissal of the conviction. Because of this, the Court should adjust the language in the Order at a minimum to order immediate release from custody.

In requiring a distinct remand for jurisdiction to issue a holding on the Rule 48 Motion, this Court wrote that granting a Rule 48(a) could moot the appeal. All parties were so aware.

> [The 4th Circuit] issued a limited remand, and specifically delineated the question this Court was to resolve: whether the January 20 Pardon applies to Costianes. (ECF No. 169 at 3.) It retained jurisdiction of the appeal. (*Id*.) . . . Resolving the pending Rule 48 Motion does not fall within the scope of the remand. The Court of course recognizes that the Motion to Vacate asked the Fourth Circuit to "to vacate the defendant's conviction and remand this case to the district court to dismiss the

indictment with prejudice pursuant to Federal Rule of Criminal Procedure 48(a)." (Doc. 27, No. 24-4543.) However, this Court is not in a position to assess whether the Fourth Circuit should "vacate the defendant's conviction" separate and apart from the question of whether the January 20 Pardon applies. Further, given that the Fourth Circuit stated that it was retaining jurisdiction of the appeal and that it explicitly asked that this Court address the applicability of the January 20 Pardon to Costianes' conviction, the Court does not understand its authority to extend to the Rule 48 Motion, which-if granted-would likely have the effect of mooting the appeal.

ECF No. 171 at 4.

There is no controversy about the status of the appeal upon the grant of the Rule 48 Motion since appellate argument is now extraneous. There is no further remedy for the 4th Circuit Court to offer should Mr. Costianes want to argue against this Court's decision about the applicability of the pardon. Such an argument would not be allowed. Even if he were to make such an argument and if the 4th Circuit were to agree with him, the outcome would be the same as the grant of the Rule 48(a) Motion: the remainder of the appeal would be mooted, and no remedy could be provided that is in addition to that in the ECF No. 184 Order.

Because the language in ECF No. 184 unjustly even if inadvertent prevents Mr. Costianes' immediate release, this Court should amend the language to Order Mr. Costianes' immediate release. Resolution at Circuit about mooting the appeal should not cause unjust incarceration.

In the 11th Circuit case of Jeremy Brown, the appeals case was sent on limited remand for the Government to file a Rule 48(a) motion. USCA11 Case: 23-11146 Document: 76-1. The Middle District of Florida judge granted the Rule 48(a) motion. 8:21-cr-00348-SDM ECF No. 379. That judge ordered the clerk to immediately close the district case. Mr. Brown was not incarcerated and there was no requirement to stay the order granting the Rule 48 Motion. As a separate, subsequent action, the appeal was terminated as moot at the appellate level. The 11th Circuit did not review the District Court Rule 48(a) holding. While the 4th Circuit could review this Court's

ruling on the Pardon, there is no legal point. Mr. Costianes is not asking for that action since the appeal is mooted by all precedent once there is no longer a case in controversy, and all remedy available will be provided if this Court amends the language in ECF No. 184 as proposed to ensure Mr. Costianes' immediate release from the BOP.

Alternatively, this Court could revisit the denial in ECF No. 167 of the request for Release/Stay of Sentence in ECF No. 163, substituting "grant of Rule 48(a)" for "pardon" since the appeal remains active, and will be only until such time as officially mooted at the Circuit Court. This Court has made disposition of the case, with the conviction overturned, an order for release, and what should be the immediate shortening of the sentence without 45 days or more of further incarceration.

## CONCLUSION

Because the parties all understood that the grant of Rule 48(a) moots the appeal, and there is no good reason to keep Mr. Costianes incarcerated during the administrative period of closing the appellate case, this Court should amend the Order at ECF No. 184 to state that the stay does not apply to Mr. Costianes' release from the BOP and he should immediately be released.

WHEREFORE, this Court should issue the proposed order that amends ECF No 184 to order the immediate release of Mr. Costianes from the BOP.

Dated June 6, 2025          Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 6th day of JUNE 2025, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.